^Mr. Justice Duval
 

 delivered the opinion of the Court.—
 

 The,appellee in this case obtained letters testamentary on the estáte of Thomas C. Hodges, deceased, and passed accounts in the Orphans’ Court for Washington county,' in which he was allowed ten per cent, commission on the inventory of the deceased’s estate amounting to 82,358 70, and 81200 for. service's rendered to the- deceased in his lifetime. The appellants, creditors of the deceased, finding that the estate would probably be insufficient to pay the.-full amount of their claims, filed their petition in the Orphans’ Court objecting t? the allowance of the claims of the executor,- alleging 'that ;he property of the' deceased consisted" only of a store of goods in Georgetown, apd a few debts due to him; and'that the settlement of the estatk was made without much labour or expense.' Upon the answer of- the executor, and the testimony taken in the cause, the Judge of the Orphans’ Court decided in favour of the executor, and decreed that both claims be allowed. From this decree an appeal was prayed and granted to the Circuit Court' for Washington county, in which the judgment of the Orphans’ Court was affirmed. From this decision the ■ cause is brought up, by-appeal, to this Court for final hearing and decree.
 

 ■ Several questions have been raised in arguing this cause. Qn the part of the appellants, it is contended, First, that the
 
 *565
 
 allowance of ten per cent, on the inventory, circumstanced as this case appears tó be, is unjust and unreasonable. Secorfclly,-That there is no foundation, for the claim of 81200, made’by the executor for services' rendéred the testator, in his lifetime;
 

 The counsel for the appellee contends, First, that'the whole allowance'made by-the Orphans’Court was no more than a moderate'compensation for the attention and prompt settlé-jnent of the accounts of the;'deceased, by the executor, and for his seryices for several years as a clerk in the st.ore of the deceased ; and secondly, that the decision ofthe.Orphans’ Court was. final and conclusive, and; from which íhéré ought to have been no appeal.- .
 

 The'power and authority of the Orphans’ Court is derived from the testamentary laws of Maryland.. The last general. Act upon the subject,'is that passed' in .the year, 1798,'ch. 101, The Orphans’ Court has a general powér- to administer justice iti all'matters relative to the affairs of deceased'persons, according to law. The commission to-be allowed to "an. executor or' administrator*' is submitted to the discretion .of, the Coiirt, “ not under five per cent, nor exceéding ten per cent:on the amount of the inventory.”. -If'the-executor .lias , a claim against the deceased, it shall stand on-an equal footing .with otfier claims of the same .nature.. On a plenary proceeding, if either party shall require, the Court .will direct'an issue or issues to be made Up and sent-to a Court of Law to be tried, arid any person conceiving hitoself aggrieved by any judgment, decree, decision or order, may appeal, to the Cour.t of Chancery* or to. a Court of Law;; > And 'ny Maryland, the .dé'cision of the Court to which thé appeal is' made, is final and conclusive. But in the case under consideration, -this Court.' has- jurisdiction by virtue of the Act of Cpngress of: February' 1801, by which the Circuit. Court for the District of Columbia was''created, which provides that “ any final'judgment, order or de-, . cree, in the .said -Circuit Court, wherein the matter, in dispute,1 exclusive of costs, shall exceed the value pf g 100, may be re-examined, and reversed Or affirmed in the Supreme Court of the United States, by writ of, error or appeal.'” By an Act of Congress subsequently passed, the matter in dispute, exclusive of costs, must exceed the value of $1000' in order to entitle the party to an appeal. •
 

 With respect to the commission to be allowed to th'e executor or administrator, it- is submitted by law to the discretion of the Cour.t, not less than five, nor .more. than ten per-cent. They may allow the lowest, or highest rate, or’any intermedia ate proportion between thé
 
 mininiüm
 
 and- maximum,- to which, in their discretion, they may adjudge the party to be- entitled
 
 *566
 
 upon a-cousideration.of all circumstances, according to the ser-' vices' rendered, and !th,e trouble and expense in completing the •administration. Upon a just construction of this Act, it was pbvipüsly the intention of the legislature, that the debision of the Orphans’ Court should be final and conclusive, and such is the opinion of this Court. ■ '
 

 ■ ‘ The claim Of -81200, for services rendered..in the lifetime of th.e testator, rests<npon different ground. The law places it “ on' am equal footing.-with ■ other, claims of the same nature.” The legality and .equity of the claim, must be examined in the same mahner as thé claim of any other creditor.. Of .course, it. is a claim, .on the trial of which either party might have required atrial by jury in the manner prescribed by law. ' But this was not asked, and the claim was submitted in gross tor-the' decision of the Orphans* Court, and was decided on in like man-net5 -by .the Circuit Court; alid it is now brought in the .same shape before this Court,
 

 ' -To. support a claim Of this nature, it is incumbent on the party making it to prove some contract, promise, or -agreement, expressed, or implied, in relation- to. it. .• The testimony contained in the record-may be summed up in a few words.- It is;, admitted by, the appellee, that there , was no agreement to pay him'wages. It is in proof, that he .lived1 with his uncle ■three qr four years in the capacity of a clerk, and. that for more than half th.e time he was the only clerk' in the store, his uncle Having great-;confidence in him. That it was distinctly understood- between them, that the testator had agreed to pay his board, tq find him in clothing, and to pay his expenses ge-;. uerally•' that it was customary ataong merchants ■ to take young men, of, a certain age, for their "board and clothes; that the unble had said that at' a future day he intended to take h&n into partnership with him; and it was. proved that„the testator, at the time
 
 of
 
 making his will, observed that be had given his nephew a legacy as a consideration for-his'services; apd- that he had always intended to -give him something. It is not denied that the testator had.fully complied with his.engagement to pay his board, supply him with clothes,1 and'pay' his..expenses. On this testimony the claim rests.- The evidence is too defective to require comment,. It is the.opinion of this Court that it .is too'loose and. indeterminate to sanction the claim, and,, it cannot' be Sllowed.
 

 The decree of the Circuit Court,' affirming the decree of the' Orphans’ Court, as to this claim, is "reversed; in all other, re* speets it is affirmed.