Mr. Justice WOODBURY
 

 delivered the opinion of the court.
 

 The original proceeding in this case was a bill in chancery instituted in September, 1839, in the Circuit Court for the District of Columbia, sitting for the County of Alexandria. The object was to recover a legacy of $ 3,000, bequeathed by Joseph* Mandeville, in 1837, to Ellen Mandeville, now the wife of Smith.
 

 William C. Gardner, the executor, took upon himself the execution of the will, and was made one of the original defendants, with West and several other legate'esT West, being residuary legatee, took a leading part in conducting the defence in the Circuit Court, and made the appeal to this court. Yarious answers were put in by the respective respondents, several depositions filqd, and some documentary evidence. From these it appears, that proceedings had for some time been instituted in the Orphans’ Court for. the County of Alexandria, for the purpose of settling the estate of Joseph Mandeville. Most of the. debts had been adjusted, and some of the legacies ,• and the personal estate being exhausted, permission had been asked to sell and apply a part of the real estate, situated in said county of Alexandria, to pay the residue.
 

 To this application, as well as to some of the previous pro
 
 *410
 
 ceedings and decrees in the Orphans’ Court, sundry objections had been interposed. But the exceptions made by West to the last report of the commissioner, in the Circuit Court, in May, 1846, disclose all the matter finally relied on in opposition in that court by the respondent. Those exceptions having been there overruled, this appeal was taken.
 

 Before going into the consideration of those exceptions in detail, and the correctness of the decision which was pronounced upon them, it may be well to dispose of a preliminary question raised here, that James Mandeville of Virginia, a legatee of 10,000 acres of land there situated, ought to be made a party defendant, with those already before the court.
 

 We feel obliged to overrule this objection.
 

 It is not clear, that it -could be made here after an appeal; though, if proper, the case might perhaps be sent back, and an amendment made there, — as new parties can be admitted there as late as the final hearing. (Mitford, Pl. 144, 145; Owing’s case, 1 Bland, Ch. 292; Clark
 
 v.
 
 Long, 4 Rand. 451.)
 

 At the same time, it is true as to exceptions to a master’s report, that none can generally be. made in the appellate court which were not taken below. Brockett et al.
 
 v.
 
 same, 3 How. 691. The objection here, however, must in .any view be overruled, because the Orphans’ as well as the Circuit Court, for the county of Alexandria,..proceeded, and ought to have proceeded, against parties and property situated within their limits, and not against either situated like James Mandeville and his land in Virginia, and without their jurisdiction. Hallett
 
 v.
 
 Hallett, 2 Paige, 15; Townsend
 
 v.
 
 Auger, 3 Conn. 354. Though he held his land under- the same will, yet it is admitted that he and his land were both in another State. Another excuse for not joining him is, that property enough existed within the county of Alexandria to discharge the claims of the original plaintiffs, without a resort to James Mandeville, or the land devised to him. Russell
 
 v.
 
 Clarke’s Executors, 7 Cranch, 72.
 

 Especially must West and all the property devised to him be first made liable-, as he is -only a residuary legatee, or, in other words, is entitled only to what is-left, after all other's are satisfied. And, finally,- it. was not necessary to make James Mandeville a party to this bill, when neither he nor his land could be affected by a decree made against other persons and other lands, and in a case instituted in another jurisdiction and in which no service had^been made on him. West
 
 v.
 
 Randall, 2 Mason, C. C. 181; Joy
 
 v.
 
 Wirtz, 1 Wash. C. C. 517; Elmendorf
 
 v.
 
 Taylor, 10 Wheat. 152; Wheelan
 
 v.
 
 Wheelan, 3 Cowen, 538.
 

 
 *411
 
 To proceed next to the consideration of the exceptions made below, it is to be remembered that the first one was waived at the hearing, and need not, therefore, be repeated. The second exception is, that the executor, Gardner, was improperly allowed a commission of $ 84.29 on a specific legacy of slaves, furniture, &c., made and paid to Sarah A. Hill.
 

 This commission was at the rate of ten per cent.; and though that .rate seems high, yet, if the Orphans’ Court had authority to make any allowance in such a case, its decision within its authority and jurisdiction must be considered binding. 1 Peters, 566; Thomas
 
 v.
 
 Fred. City School, 9 Gill & Johns. 115.
 

 On. general principles, it would seem just and proper for all such courts to make some compensation to executors for such services as paying over legacies, no less than for paying debts. In the case of specific legacies, the trouble and risk are as great, if not greater, than in moneyed legacies, and it would be difficult to find elementary principles to justify commissions in one case, and withhold them in the other.
 

 If this.point is to be governed by these principles, as it'must be, provided the laws of Yirginia at that time controlled the matter in the county of Alexandria, then the exception must fail under those principles, and under a practice, well settled there, authorizing in such cases a
 
 quantum meruit.
 
 Under that, as much as ten per cent, on moneys received and paid out has iii several instances been sanctioned. McCall
 
 v.
 
 Peachy, 3 Munf. 301; and Hutchinson
 
 v.
 
 Kellam, Ibid. 202.
 

 But if it is to be governed by the laws of Maryland, as is contended by the plaintiffs, a like result will follow, by means of express statutory provisions and decisions in that State.
 

 They contend this, because in February, 1801, Congress established in Washington and Alexandria Counties an Orphans’ Court for each county, and provided that they “shall have all the powers, perform all the duties, and receive the like fees, as are exercised, performed, and received by the register of wills and judges of the Orphans’ Court within the State of Maryland,” &c. 2 Statutes at. Large, p. 107, § 12; Yeaton
 
 v.
 
 Lynn, 5 Peters, 230.
 

 It is argued, that this provision extended to the power and duty of the Orphans’ Court in Yirginia to allow commissions as large as here, and for specific as well as moneyed legacies, and not to the mere organic structure and jurisdiction af the Orphans’ Court, leaving all else in Alexandria County to be governed by the laws of Yirginia, and in Washington County by the laws of Maryland.
 

 If this view be correct, which is supposed to be the one
 
 *412
 
 usually acted on in this District, it was provided in Maryland by statute in 1798, ch. 101, that a commission may be allowed,
 
 “
 
 not under five per cent., nor exceeding ten per cent, on the amount of the inventory.” Nichols et al.
 
 v.
 
 Hodges, 1 Peters, 565; 5 Gill &. Johns. 64.
 

 The third exception is, that a judgment was allowed by the executor to be recovered by one Bartle against the estate of the deceased Mandeville, which “ was unsustained by legal proof, and barred by the statute of limitations.”
 

 But this judgment was recovered after due notice and hearing. No fraud or collusion is set up or proved between the parties to it, for the purpose of charging the estate. And the chief, if not only, exception to its fairness or validity is, that Gardner, the executor, did not plead the statute of limitations to a part of the claim on account, when he might have done it under the apparent time when the cause of action accrued on that item. ' But in Virginia, and especially if the court, by not striking out the item, sanction a waiver of the statute, as is inferred to have been done here, the executor seems fully justified in not pleading it. (2 Lomax on Executors, 419; Bishop
 
 v.
 
 Harrison, 2 Leigh, 532; 1 Robinson’s Practice, 112; 1 Rev. Stat. 492.) So in England, formerly, the executor was held excused in his discretion from interposing as a defence the statute of limitations. (Norton
 
 v.
 
 Frecker, 1 Atk. 526.) But in a recent case, doubt is cast over this in England, in 9 Dowl. & Ryl. 43.
 

 The Virginia law, however, must control here, and conduces to justice, when the court or the executor is satisfied no payment has been made, or that there had been a re-promise by the deceased. Holladay’s Ex’rs
 
 v.
 
 Littlepage, 2 Munf. 316; 4 Hen. & Munf. 266.
 

 At" all events, on elementary principles, the judgment thus obtained must stand as binding till duly reversed, and be till then for most purposes presumed correct. Voorhees
 
 v.
 
 Bank of United States, 10 Peters, 472, 489; 2 Howard, 319; Lupton
 
 v.
 
 Janney, 13 Peters, 381.
 

 ' Under the sixth and ^seventh exceptions, the respondent insists that Mary and Julia Mandeville, legatees of the deceased, ought to have been charged rent for a piece of land which they occupied, and that the amount thereof ought to have been deducted from these legacies.
 

 It is true that this land once belonged to the deceased, but Mary and Julia insist that they have been in the exclusive occupation of it for more than twenty years. They had always since their entry claiméd it as their own, and this land was not,
 
 *413
 
 by name, devised by the deceased to any one, as if still his property. The legatees insisted, that at first, being relations of J. Mapdeville, and the premises contiguous to their house, they were given to them for a garden, and that their possession' had ever since been adverse to all the world. Nor was there any contract shown to pay rent by them to him; nor any proof that rent had ever been demanded by him, while living. Without, then, settling here the disputed title to this property, it is sufficient to say, that under these peculiar circumstances such a use and occupation of these premises would not warrant the recovery of rent from .them in an action of assumpsit at law. 1 Chit. Pl. 107; Birch
 
 v.
 
 Wright, 1 D. & E. 387; Smith
 
 v.
 
 Stewart, 6 Johns. 46. Such an action must rest on a contract express or implied. Lloyd
 
 v.
 
 Hough, 1 Howard, 159, and cases there cited. And if no implied promise could be raised to recover rent, when the occupation is adverse, and no express one is pretended to exist, the executor could not legally set off this claim against their legacies.
 

 The rights to the land, or to any rent thereon, must be settled by a direct action at law, and not in this collateral manner ; and if the legatees do not succeed there, they can be made to pay, in trespass, for mesne profits, what they are not liable for as rent,
 
 ex contractu,
 
 when holding adversely.
 

 A concluding objection to the proceedings below, subsequent to overruling the written exceptions to the report, is, that the court proceeded to a final decree Avhilst the claims of íavo of the creditors and two of the legatees were held under consideration.
 

 But either those claims are independent and not necessary to be decided.before a final decision on the rest, —or they are so connected, that a decision on them was proper at the same time, and then this appeal itself would be premature, and would have to be dismissed. 4 Howard, 524; Perkins
 
 v.
 
 Fourniquet et al., 6 Howard, 206. This, it is understood, is not moved, nor desired by either party.
 

 Such independent claims, hoAvever, may properly be suspended under the circumstances existing here, according to Royal’s Administrators
 
 v.
 
 Johnson et al., 1 Randolph, 421.
 

 The judgment below must, therefore, be affirmed.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the County of Alexandria, and was argued by counsel. On consideration whereof, it is
 
 *414
 
 now here ordered, adjudged, and decreed by this court, that the decree of the said Circuit Court, in this cause be, and the same is hereby, affirmed, with costs.