## HARVEY v. HACKNEY.

1. ORAL DEMURRER—WAIVER—CASE CRITICISED.—An order framing issues of fact to be tried by a jury, does not prevent the defendant from afterwards demurring orally to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. *Hull* v. *Young*, 29 S. C., 64, approved and followed.

2. CAUSE OF ACTION—PARTITION.—A complaint that alleges the death of intestate seized and possessed of a tract of land, which had descended to his heirs at law, all of whom, except plaintiff and one defendant, had conveyed said land to defendant P, who is now the owner thereof, and demands partition, stated facts sufficient to constitute a cause of action against P, as the grantors in the deed to P could convey no more than their undivided interests, and of these interests only had P become the owner.

3. DEMURRER—AMENDMENT—CASE CRITICISED.—A complaint which has been held not to state facts sufficient to constitute a cause of action, may nevertheless be amended by leave of court, where the defect consists in a faulty statement and not in an entire absence of any cause of action. *Lilly* v. *Railroad Company*, 32 S. C., 142, explained and distinguished.

Before WITHERSPOON, J., Spartanburg, January, 1891.

Action by James F. Harvey against Mary F. Hackney, Nancy Harvey, Sallie Brown, and the Pacolet Manufacturing Company, for partition, commenced August 27, 1887. The appeal was from the following order:

On the calling of this case for trial before me and a jury, and immediately upon the reading of the complaint, the defendant, the Pacolet Manufacturing Company, interposed an oral demurrer thereto, on the ground that the complaint does not state facts sufficient to constitute a cause of action as against it.

On the part of the plaintiff it is urged: 1. That at a previous term of this court an order was passed framing an issue of title and referring it to a jury. 2. That, taking the whole complaint into consideration, it will appear that the intention was to allege that the Pacolet Manufacturing Company was in possession of the twenty acres mentioned in the complaint, instead of alleging that it was the owner thereof; and that, taken as a whole, sufficient facts are stated to constitute a cause of action. And that at least the plaintiff should be allowed to amend by striking out the words "the owner thereof," and inserting the words "in possession thereof" in their place.

The defendant, the Pacolet Manufacturing Company, however, urges that this is the proper time to demur, and that I am only called upon to consider the complaint and the sufficiency of its allegations; and that if the facts as stated do not constitute a cause of action, then there is nothing to amend by, and that where no cause of action is stated, to allow an amendment would be to allow the plaintiff to inject into the complaint a cause of action where none is expressed. In this view I concur.

It is therefore ordered and adjudged, that the demurrer be sustained and the complaint dismissed with costs. It is further ordered, that as the facts as stated are not sufficient to constitute a cause of action as against the defendant, the Pacolet Manufacturing Company, there is nothing to amend by. The motion to be allowed to amend is therefore refused.

Plaintiff appealed on following grounds: 1. Because his honor erred in holding that the complaint did not state facts sufficient to constitute a cause of action, as against the defendant, the Pacolet Manufacturing Company. 2. Because his honor erred in holding that even if the complaint did not state facts sufficient to constitute a cause of action as against the defendant, the Pacolet Manufacturing Company, yet the subsequent acts of said defendant, to wit, having issues referred to a jury, having the testimony of a witness, Mrs. Byars, taken *de bene esse*, and consenting to the examination of three of the plaintiff's witnesses by commission, and empanelling the jury, amount-

ing to a waiver thereof. 3. Because his honor erred in at least not allowing the plaintiff to amend his complaint.

*Messrs. Chas. P. Barrett* and *Stanyarne Wilson*, for appellant.

*Messrs. Duncan & Sanders*, contra.

February 27, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. Inasmuch as the question presented by this appeal arises upon a demurrer, because the complaint does not state facts sufficient to constitute a cause of action, it will be necessary to state concisely the substantial allegations of the complaint. The allegations, omitting those merely formal, substantially are: that Henry Harvey died intestate on the 15th of June, 1861, seized and possessed of a certain tract of land containing 150 acres, more or less, the same being more specifically described in the complaint; that the said Henry Harvey left as his heirs his wife Nellie, who likewise died intestate in the year 1876, and several children who are named, amongst them David Harvey; that David Harvey died in January, 1865, leaving as his heirs at law his widow, Nancy Harvey, and his two children, James F. Harvey (the plaintiff herein) and Mary, who in 1880 intermarried with one Hackney; "that on the    day of    , 187 , all the heirs at law of the said Henry Harvey, deceased, and Nellie Harvey, save the plaintiff and the defendants, Nancy Harvey and Mary E. Hackney, conveyed a part of said tract of land, to wit, (20) twenty acres, more or less, to Siddy Harvey, which was, on March 5, 1881, conveyed by the latter to N. R. Littlejohn, and subsequently by him to the defendant, the Pacolet Manufacturing Company, which is now the owner thereof;" followed by a more specific description of the said 20 acres. Judgment is demanded for a partition of the 20 acres, and that the Pacolet Manufacturing Company be required to account for the rents and profits thereof.

The defendants, Nancy Harvey and Mary E. Hackney, an-

swered, admitting the allegations contained in the complaint and joining in the prayer thereof. It is not stated specifically whether the Pacolet Manufacturing Company answered, but we infer that they did, for it does appear in the "Case" that they raised an issue of title, and at October term, 1888, his honor, Judge Kershaw, ordered certain issues to be framed for a jury, directing that the case be placed on calendar No. 1, for the trial of such issues, and there the case remained until October term, 1890, and when the case was called for trial, the Pacolet Manufacturing Company announcing itself ready for trial, the plaintiff called the attention of the court to the fact that the issues, directed by Judge Kershaw to be framed, had never been framed, and thereupon his honor, Judge Wallace, passed an order, on the motion of the attorneys for the Pacolet Manufacturing Company, framing the issues to be referred to a jury, and continued the case.

At the January term, *1890* (manifestly a misprint for *1891*), the case was called for trial before his honor, Judge Witherspoon, when, all parties having announced themselves ready for trial, the defendant, the Pacolet Manufacturing Company, interposed an oral demurrer, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, to which it was objected by plaintiff that said defendants, by the order framing issues to be tried by a jury, had waived their right to demur upon the ground stated, said defendants insisting that in considering the demurrer the court could not look to anything but the complaint. The plaintiff also contended that if the demurrer should be sustained, that he should be allowed to amend his complaint. The Circuit Judge held that the demurrer must be sustained, and that as the complaint did not state facts sufficient to constitute a cause of action, there was nothing to amend by, and for that reason no amendment could be allowed. He therefore rendered judgment sustaining the demurrer and dismissing the complaint.

From this judgment plaintiff appeals upon the grounds set out in the record, which make substantially three questions: 1st. Whether the right to demur on the ground stated was waived by the order framing the issues. 2nd. Whether there was error in

sustaining the demurrer. 3rd. Whether there was error in refusing leave to amend.

As to the first question, we think it is only necessary to refer to the case of *Hull* v. *Young* (29 S. C., 64), to show that the right to demur was not waived, for there such a demurrer was sustained after the case was referred to the master and the filing of his report. It is proper that we should add that the other grounds of waiver, stated in appellant's second ground of appeal, to wit, the taking of the testimony of one witness *de bene esse*, and the consent to the examination of three of the plaintiff's witnesses by commission, are not supported by any facts stated in the "Case," and for that reason cannot be considered, for, as has been repeatedly held, this court will not consider facts which appear only in the exceptions or grounds of appeal.

The second question—whether there was error in sustaining the demurrer—renders it necessary to examine the allegations of the complaint, for the purpose of ascertaining whether there was such an absence of material allegations as would render the complaint amenable to the demurrer. While there can be no doubt that the complaint is very inartistically drawn, yet we do not think that there was such an entire absence of facts necessary to constitute a cause of action as would justify an order sustaining the demurrer. The complaint shows that the land in question constituted a part of a tract of land of which Henry Harvey died seized and possessed, and that his title had by descent devolved upon the plaintiff along with the other heirs at law of the said Henry Harvey. These allegations at least tended to show that the heirs at law of the said Henry Harvey were tenants in common, and that the plaintiff was entitled to have partition of the said land amongst the said heirs or their alienees ; and the further allegation that all of these heirs, save the plaintiff and the two defendants, Nancy Harvey and Mary E. Hackney, had conveyed the particular part—the 20 acres—of which partition was asked, to the defendant, the Pacolet Manufacturing Company, tends to show that the plaintiff was entitled to ask partition thereof as against that defendant.

It is true that the allegation is—*not* that the other heirs had

conveyed *their undivided interests* to that company, but that they had conveyed the *said 20 acres of land.* But even if that allegation be taken as strictly true, and these other heirs had by their deed purported to convey the land, instead of their undivided interests therein, to the Pacolet Company, yet, in view of the preceding allegations, whereby it appeared that this land had descended to those heirs as tenants in common with the plaintiff and the other two defendants above named, such conveyance could in law operate only as a conveyance of their undivided interest, and must be so regarded here; especially in the absence of anything to show that those heirs had in any way acquired the interests of the plaintiff and the other two heirs named as defendants; and the additional allegation, much relied upon, that the Pacolet Company are now the owners thereof, must be regarded as an allegation that said company are the owners of the undivided interests of those of the heirs who conveyed to them.

Under this view the third question loses much of its practical importance; but as we think it desirable that pleadings should, as far as practicable, be put in proper formal shape, we will proceed to consider the question. The only reason given by the Circuit Judge for refusing to allow the amendment seems to be, that after adjudging that the complaint did not state facts sufficient to constitute a cause of action, there was nothing to amend by, is not, in our judgment, well founded. If so, then in no case where a demurrer for this cause is sustained could an amendment be allowed, and this the cases in our own reports show cannot be admitted. The case which seems to be relied on by respondent's counsel to sustain the view of the Circuit Judge (*Lilly* v. *Railroad Company*, 32 S. C., 142) differs materially from the case now under consideration. In that case the action was brought by an administratrix to recover damages for the negligent killing of her intestate. At common law such an action could not be sustained, and the statute only gives a right of action where the deceased leaves a wife, husband, parent, or children, and therefore to sustain such an action, it was held in that case to be essential that the complaint must show that the deceased left some one or more standing in one or other of those relations to him; and as there was no such allegation in

that case, the court held that there was such an entire absence of any statement of the essential fact upon which the action could alone rest, that the demurrer must be sustained, and that no amendment could be allowed, for the reason as stated by the late Chief Justice, in delivering the opinion of the court: "If the amendment was allowed, it would not simply supplement a faulty statement of a cause of action by adding or striking out the name of a party, or by correcting a mistake in the name of a party, &c., or by inserting other allegations material to the case, but it would be absolutely giving a cause of action where none was alleged; and in this case where none could exist, for the reason that the two years allowed within which to bring such actions had elapsed." In that case there was not a single allegation which even tended to show that the plaintiff had any cause of action whatever; and in fact the bare allegation that the intestate had been killed by the negligence of the defendant showed that plaintiff had no cause of action at common law, and as there was an entire absence of any statement of the essential fact which alone would give a right of action under the statute, it was clear that no amendment could be allowed. Here, however, as we have seen, the complaint does state facts tending to show that the plaintiff had a cause of action for partition, and the real defect is in the "faulty statement" of the facts necessary to constitute such a cause of action, which may be cured by amendment.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to the Circuit Court, with leave to the plaintiff to apply to that court for such amendments as may be necessary to put the complaint in proper form.