COKER v. MONAGHAN MILLS et al.

(Circuit Court, D. South Carolina. December 27, 1902.)

1. AMENDMENT OF COMPLAINT—STATING NEW CAUSE OF ACTION.

Under the rule in South Carolina, the court cannot permit a complaint to be amended by the addition of allegations showing a liability on the part of a defendant against whom the original complaint states no cause of action, and when such proposed amendment is directly contradictory of the allegations of the original complaint.

On Motion for Leave to Amend Complaint.

Carey & McCullough, for plaintiff.
Wm. G. Sirrine, L. O. Patterson, and F. F. Beattie, for defendants.

BRAWLEY, District Judge. The plaintiff brought her action in the court of common pleas for Greenville county against the Monaghan Mills. This complaint was amended by making the Flynt Building & Construction Company, a corporation of the state of Massachusetts, a party defendant also. This last-named corporation filed its petition for removal into this court on the ground that there was a separable controversy. The prayer of this petition was granted, and an order passed for the removal. When the case came here the defendant the Flynt Building & Construction Company filed a demurrer to the complaint as not setting out a cause of action against it. Before this demurrer came up for a hearing, the plaintiff asked leave to amend her complaint, as hereinafter stated. To reach a conclusion on this motion, a summary of the complaint as it was filed here is necessary.

After stating the corporate character of the defendants, the complaint proceeds: On January 28, 1901, the Monaghan Mills owned a certain brick building, three stories high, which it had constructed for the manufacture of cotton goods, in which it was having certain machinery and other appliances placed. The end of this building was not built of brick, but closed with a wooden partition, so that in the future the building could be enlarged. Alongside of this wooden end the Monaghan Mills had constructed a stairway leading from the bottom to the top floor, with doors entering the building on each floor, these doors being swung on the inside of the building, on the right. Persons having occasion to go from the ground to either floor were permitted and accustomed, if they desired, to use this stairway and these doors for this purpose. The door was unlocked and the stairway free. That on the said day of January the intestate of plaintiff was in the employ of the Sacco & Petty Machine Shops, a corporation which had sold to the Monaghan Mills certain machinery, and was under contract to place such machinery in said building as the Monaghan Mills should direct. That at the instance and request of the Monaghan Mills the said Sacco & Petty Machine Shops on that day directed plaintiff's intestate to go to the mill and report for orders. That plaintiff's intestate did go as directed, with tools and overalls and lunch, reported to the defendant the Monaghan Mills, and was instructed by it to place certain machinery on the third floor of said

building. That the intestate never had been in the building before, knew nothing of the conditions inside of it, and defendants failed to apprise him of said conditions, or warn him of any danger incident to approaching or entering the third floor by that stairway or door. That just inside the building, opposite to and within a few inches of the said door, was an open space or elevator shaft, through which the elevator of the defendant, the Monaghan Mills, could ascend and descend from and to the lowest floor. This shaft had no fencing, railing, or other protection around it, and was so close to the door that any one entering the door, and unaware of its existence, in one step would fall into it. That on that day the intestate, when directed by the Monaghan Mills to go on the third floor and place machinery thereon, went up the stairway, unaware of the danger, opened the door, took one step forward, and fell into and through the elevator shaft to the floor below, and was instantly killed. It will be observed that so far the complaint alleges the ownership of this building by the defendant the Monaghan Mills; its contract with the Sacco & Petty Machine Shops to place machinery in this building; that plaintiff's intestate was in the employ of this latter company, and instructed to report to the Monaghan Mills for orders; that the Monaghan Mills instructed him to put this machinery on this third floor; that, pursuant to these instructions of the Monaghan Mills, he went to the third floor, without warning or notice, and fell through the elevator shaft; there being no averment or suggestion that the Flynt Building & Construction Company knew of him or his purpose, or his instructions from the Monaghan Mills. The complaint then for the first time mentions the Flynt Building & Construction Company, as follows:

"That the defendant Flynt Building & Construction Company had the contract, so plaintiff is informed and believes, of erecting the said building, and turning the same over to the defendant Monaghan Mills complete; and under the terms of the said contract, so plaintiff is informed and believes, it was also the duty of this defendant to see that the said premises were safe and suitable, the elevator shaft securely guarded; and, under the terms of its contract with the said Monaghan Mills, it is also liable to this plaintiff for any damages which she may be entitled to recover in this action for the acts of negligence alleged in this complaint.

"But for the defendants' negligence, plaintiff's intestate would not have been killed on that occasion, and, in addition to the other acts of negligence herein above cited, plaintiff alleges that defendants were negligent more especially in leaving said open space or elevator shaft unfenced and unguarded and exposed so near the said door through which people were accustomed to enter; in having the door or entrance to the said third floor on the outside, at a point so dangerously near the said open space or elevator shaft; in allowing people to use the said stairway and door in entering the said building, while the said open space or elevator shaft was in that condition, and without warning them of such danger; in not warning plaintiff's intestate on this occasion of the danger in entering said building by means of the said stairway and door; and in not furnishing and pointing out to him a safe and suitable way of gaining an entrance into said building and his point of destination."

It is very clear from this that no cause of action is stated against the Flynt Building & Construction Company, and that the demurrer would hold. Now the plaintiff asks leave to amend the complaint as follows:

"By adding to paragraph 15 the following: 'By the terms of the said contract between the Flynt Building & Construction Company and the Monaghan Mills, the Flynt Building & Construction Company was an' independent contractor, with the usual rights and liabilities of such; that the building mentioned in the said contract had never been completed, and had not been turned over to the Monaghan Mills, nor had the Monaghan Mills received the same; that the Flynt Building & Construction Company at the times herein mentioned was in the custody and control of the said building, and the plaintiff's intestate was there on the occasion alleged in the lawful discharge of a duty which he owed the Sacco & Petty Machine Shops, to do work under the contract between his employer and the said Monaghan Mills, and was there by the invitation of the defendant Flynt Building & Construction Company.' "

Up to this fifteenth paragraph the complaint had alleged that the Monaghan Mills was the owner of the building, had constructed the stairway with its doors, had contracted with the Sacco & Petty Company to place the machinery, had received the plaintiff's intestate as an employé of the company to do this work, and had instructed him to go and do it on this third floor. The amendment proposes to contradict this by stating that the Flynt Building & Construction Company, an independent contractor, had not finished the building, and had not turned over the building to the Monaghan Mills, which had not received it, and so the Flynt Company had custody and control of the building, and had invited the plaintiff's intestate to go to the building and put in the machinery. The amendment not only changes altogether the cause of action, by seeking to make the Flynt Building & Construction Company liable for all that is charged against the Monaghan Mills; but, if it be admitted, the whole structure and scope of the complaint must be changed, or else the several parts of the complaint will contradict each other. From the papers in the record it appears that the case against the Monaghan Mills was tried in the state court, and that, after hearing, the jury found for the defendant. This amendment proposes now to shift the allegations against the Monaghan Mills so as to bring them against the Flynt Building & Construction Company, and practically to obtain in this court a new trial of the case heard in the state court. A motion to amend is directed to the discretion of the court, and is not one of right. Under the circumstances of this case, this motion does not commend itself to the favorable opinion of the court.

It is urged for the plaintiff that, if the amendment be allowed, a cause of action will be stated against the present defendant. That may be true. But it is an entirely new cause of action, on grounds not alluded to in the complaint, and wholly inconsistent with the facts alleged in the complaint. In this matter of amendment this court follows the practice of the state court. West v. Smith, 101 U. S. 263, 12 L. Ed. 1130. Inasmuch as the granting or refusal of an amendment is always within the discretion of the court, the decided cases upon this point are more in the nature of advisory cases, and not controlling absolutely this discretion. The rule in South Carolina, where a very liberal practice in amendments exists, is that by such amendment plaintiff "cannot in any event make a new claim or state a new cause of action." Kennerty v. Phosphate Co., 21 S. C. 242, 53 Am. Rep. 669. In Lilly v. Railroad Co., 32 S. C. 142, 10 S. E. 932, the court held

"that when, upon examination of the complaint, it is found that no cause of action is stated, and if the amendment were allowed it would not simply supplement a faulty statement of a cause of action, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, etc., or by inserting other allegations material to the cause, it would be absolutely giving a cause of action where none was alleged," and so the amendment could not be allowed. This case of Lilly v. Railroad Co. is cited and affirmed in Whaley v. Lawton, 57 S. C. 256, 35 S. E. 558, and the same doctrine stated. It is also cited and affirmed in Harvey v. Hackney, 35 S. C. 366, 14 S. E. 822. Also in Ruberg v. Brown, 50 S. C. 398, 27 S. E. 873, in which case the court say: "The Code does not authorize the substitution of a new cause of action by way of amendment. It authorizes amendments only when there is a faulty statement of a cause of action." And in the very late case of Proctor v. Railroad Co., 64 S. C. 492, 42 S. E. 427, reiterating the same doctrine, and again quoting Lilly v. Railroad Co. The only case in conflict with this rule is Hall v. Woodward, 30 S. C. 564, 9 S. E. 684, in which Judge Wallace, on circuit, allowed an amendment to an answer adding another defense. If this case changed the rule, it is overruled by the subsequent cases of Lilly v. Railroad Co., Whaley v. Lawton, Ruberg v. Brown, and Proctor v. Railroad Co., supra. But the case only held that the amendment allowed did not come within the restriction of section 194 of the Code of Civil Procedure. It is evident that it was sustained "because large powers of amendment are given to the court, and the exercise of this power, being discretionary, will not be interfered with, except for abuse of discretion." Heyward v. Williams, 48 S. C. 564, 26 S. E. 797.

Upon the whole, inasmuch as the complaint, as it now stands, states no duty whatever on the part of this defendant to the plaintiff's intestate, and no facts which can give a cause of action against it, and inasmuch, also, if this amendment be allowed, the allegations made in it are inconsistent with and contradictions to the other parts of the complaint, substituting by way of amendment a new cause of action, it cannot be allowed.

The motion to amend is dismissed.