WENZEL v. PALMETTO BREWING CO.

1. INSPECTION OF BOOKS—CORPORATION—ORDER.—An order requiring a defendant corporation to deposit its books for inspection should not be granted except upon motion properly noticed, and upon affidavit showing that inspection had been denied, and stating such facts as call for the exercise of this discretion.

2. CORPORATION—STOCKHOLDER—INJUNCTION—RECEIVER.—In order that a stockholder of a corporation may maintain an action against the president and directors to restrain them from mismanagement of the affairs of the corporation, and for the appointment of a receiver, he must show that he has endeavored to get redress of his grievances

within the corporation, or he must show facts which would justify a Court in concluding that an effort for redress within the corporation would be unavailing.

Before BENET, J., Charleston, January, 1896. Reversed.

Action by Theodore Wenzel and John W. Burmester against Palmetto Brewing Company, J. H. Doscher, Security Savings Bank, and the De La Vergne Refrigerating Machine Company. From an order granting an inspection of the books of the brewing company, and a receiver therefor, the Brewing Company appeals.

*Messrs. Mitchell & Smith,* for appellant, cite: *As to the right of a stockholder to maintain this action:* 39 S. C., 44; 104 U. S., 450; 98 Ala., 219. *The omission of directors fatal defect of parties defendant:* 91 Mo., 271 (4 S. W. R., 79); 14 Fed. Rep., 507; 127 U. S., 489; 16 Wall., 446; 17 How., 140; 43 S. C., 166. *Appointment of receiver:* 6 Johnson Ch., 160; 43 Barb. Sup. Ct., 504; 50 Barb. Sup. Ct., 157; 55 Fed. Rep., 137; 57 Fed. Rep., 271.

*Messrs. Mordecai & Gadsden,* contra, cite: *Where a corporation is committing ultra vires acts, any stockholder may sue:* 104 U. S., 456; 8th H. & Lord's Cases, 712; 35 A. & E. C. C., 7; 19 A. & E. C. C., 329; 29 At. Rep., 595; 57 Fed. Rep., 611; 17 Ency., 173; 27 Ency., 396; 4 Ency., 282; 8 Blatch., 348; 12 Blatch., 280; 10 Abb., 400; 34 Tex., 135; 181 S. W., 331; 24 Am. St. Rep., 628; 15 Am. St. Rep., 809; 19 A. E., 323; 35 A. E., 447; 39 S. C., 44. *Appointment of receiver:* 64 Wis., 639.

Dec. 8, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this case there are two appeals, one from an order dated January 4th, 1896, directing the Palmetto Brewing Company to deposit certain books of the company with the clerk of the court for Charleston County; the other from an order appointing a receiver of said company, dated January 13th, 1896. The action was com-

menced December 31, 1895, by the plaintiffs, two stockholders of the Palmetto Brewing Company, holding nineteen of the 2,000 shares of stock of said company, against the company, its president, J. H. Doscher, and certain creditors of the company, seeking to enjoin the company, its servants and agents, and the president, J. H. Doscher, from exercising, or attempting to exercise, any control over the property and franchises of said company, to enjoin creditors from prosecuting any action against said company except in these proceedings, and for the appointment of a receiver. On the same day Judge Benet, on the verified complaint and affidavits submitted therewith, granted a temporary restraining order in accordance with the prayer of the complaint, and further granted a rule to show cause before him at chambers, in Charleston, on January 8th, 1896, why a receiver should not be appointed as prayed for. On the 4th day of January, 1896, without notice having been given to the Palmetto Brewing Company, on an affidavit by one of plaintiffs' counsel that it was necessary for the purpose of the motion to be heard on January 8th, 1896, that plaintiffs should have an opportunity to inspect and examine eertain books (specified) of the defendant company, and that the truth of many of the applications (allegations) of the complaint can be established by the said books. Judge Benet granted an order requiring the company to forthwith deposit the said books at the office of the clerk of the court, and on return of the rule granted the order for a receiver.

As to the order of January 4th, 1896. Even if the Court has power to grant such an order, under sec. 389 of the Code, which has been doubted, *Cartee* v. *Spence*, 24 S. C., 558, the order was improperly granted: first, because it was made without notice, as required in sec. 389, Code of Procedure; and second, because the affidavit on which it was granted states no facts which call for the exercise of the Court's discretion in granting such an order. *Jenkins* v. *Benett*, 40 S. C., 400. Nor does it appear that

any request had been made of the company for an inspection of the books. The principal contention, however, before this Court was as to the order appointing a receiver.

The vital and controlling question raised here is, whether the plaintiff made such a showing as would justify a court of equity in displacing corporate control of the company's property at the instance of a stockholder. The general rule undoubtedly is, that when the directors or managing board of a corporation are charged with mismanagement or misappropriation of the corporate property, the action to restrain or redress such wrong must be instituted by the corporation, since the conduct complained of is a breach of the trust relation between the directors and the corporation. But to this general rule there are well-recognized exceptions, viz: when the directors or managing board do, or threaten to do, some act *ultra vires*, or some act of fraud, oppression or illegality, injurious to the corporation, or in violation of the rights of the stockholders, to prevent injustice, a stockholder is permitted to maintain an action in his own name. This is substantially the rule declared in *Latimer* v. *R. R. Co.*, 39 S. C., 44, following and approving the principles announced in *Hawes* v. *Oakland*, 104 U. S., 450. Further, before a stockholder can maintain a suit in these exceptional cases, he must show that he has endeavored to get redress of his grievances within the corporation, or he must show facts which would justify a court in concluding that an effort for redress within the corporation would be unavailing. Chief Justice McIver, speaking for the Court, quotes with approval from *Hawes* v. *Oakland*, *supra*, as follows: "But in addition to the existence of grievances which called for this kind of relief, it is equally important that, before the stockholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the Court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in con-

formity to his wishes.   He must make an earnest, not
simulated, effort with the managing body of the corpora-
tion to induce remedial action on their part, and this must
be made apparent to the Court;  if time permits, or has per-
mitted, he must show, if he fails with the directors, that
he has made an earnest effort to obtain action by the stock-
holders as a body in the matter of which he complains;  and
he must show a case, if this is not done, where it could not
be done, or it was not reasonable to require.   The efforts
to induce such action as complainant desires on the part of
the directors and of the stockholders, when that is neces-
sary, and the cause of failure in these efforts should be
stated with particularity," &c.

.Examining the complaint in the light of these principles,
we think it fails to show ground for equitable interference.
It alleges, it is true, that Doscher, the president of the Pal-
metto Brewing Company, a corporation under the laws of
this State, has committed certain acts in violation of the
dispensary law of this State, thereby rendering the com-
pany's license from the State to manufacture and sell beer
under the dispensary law liable to be revoked, which result
would entail loss and damage to the company and its stock-
holders.   Doscher, in his return, denies under oath all the
allegations charging improper conduct on his part; but for
the purpose of this discussion it may be assumed that the
complaint and accompanying affidavits show that the presi-
dent was guilty of acts unlawful, and beyond the authority
of the company under its license from the State.   But it
does not appear, nor is it even alleged, that the directors or
managing board participated in, or were even cognizant of,
these unlawful acts of the president.   The allegations re-
lied on to bring this case within the conditions specified in
Latimer's case were as follows: "Par. 3.  That the ma-
jority of the stock of said corporation is owned or controlled
by the said J. H. Doscher and his relatives and friends, and
that the said J. H. Doscher was at the times stated herein-
after, and still is, the president of said corporation."  Then,

after alleging the unlawful acts complained of, it is alleged: "Par. 7. That the stockholders can procure no redress from the management of said company, as the same is entirely in the hands of said president, J. H. Doscher, under whose express directions the unlawful acts have been committed, and to whose profit they have resulted." The Circuit Judge held that the present case fell within the exception laid down in *Latimer* v. *R. R. Co., supra,* and that from the showing made, the plaintiffs "would in vain seek redress of the wrongs alleged within the Palmetto Brewing Company; that Doscher, the president, owns or controls a majority of the stock, that a demand of him would be unavailing." In this the Circuit Judge erred. The allegation that Doscher and his relatives and his friends own or control a majority of the stock is very far from saying that Doscher himself owned and controlled it. We presume that every one owes his official position in some measure to his friends, but it does not follow that his friends would sustain him in violating the law. It is far more reasonable to suppose, in the absence of evidence to the contrary, that a stockholder would not sustain an officer of the corporation in violations of the law imperilling the corporate property and business. The allegation in the 7th paragraph of the complaint quoted above surely cannot be treated as an allegation that the board of directors are so subservient to the dictations and influence of Doscher as to sustain him in his unlawful acts. So far as appears, neither directors nor stockholders were applied to for redress, and no facts are stated from which the Court could infer that an honest effort for redress within the corporation would have been useless.

The orders appealed from are reversed.