### 7996

### ALEXANDER SPRUNT & SON v. GORDON.

1. Election.—An answer and a demurrer only for insufficiency or want of jurisdiction may be filed at same time to a complaint. Where both are properly filed, the Court should not require the defendant to elect upon which he would go to trial, but issues raised by both should be tried by the proper tribunal.

2. Breach of Contract—Pleadings—Future Sales.—In an action for damages for breach of contract to deliver cotton at a future time, where the contract provides that the bales may vary five per cent. more or less from five hundred pounds, an allegation of tender of

the price of the cotton is not necessary to maintain the action, especially where it is alleged the defendant refused after demand to perform.

*Pickett* v. *Cloud,* 1 Bail., 362, *criticised and distinguished from this.*

Before PRINCE, J., Williamsburg, December, 1910. Modified.

Action by Alexander Sprunt & Son against Alexander M. Gordon. Defendant appeals.

*Messrs. Kelly & Hinds,* for appellant, cite: *Demurrer should have been sustained:* 3 Hill, 268; 8 Wheat. 217; 16 Pet. 166; 4 Ency. P. & P. 636; 6 Rich. 188; 1 Bail. 362; 69 S. C. 303; 72 S. C. 137. *Defendant should not have been required to elect between the answer and demurrer:* 53 S. C. 528.

*Messrs. Gilland & Gilland,* contra, cite: *Order requiring defendant to elect is proper:* Code of Proc. 164, 165, 169; 135 Am. St. R. 553. *Demurrer was properly sustained:* 9 Cyc. 711; 39 S. C. 491; 21 Ency. P. & P. 544-5; 28 Ency. 4, 6; 9 Cyc. 723-4; 35 Cyc. 167; 1 Beach on Contracts, secs. 334, 411.

August 10, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an action for damages for breach of contract. Plaintiffs allege that defendant made a written contract with them, whereby he sold and agreed to deliver to them, at Gourdins, S. C., between September 15th and October 31st, 1909, twenty-five bales of cotton, to average 500 pounds per bale, five per cent. more or less, and they agreed to pay him for it, on delivery, ten cents a pound for middling cotton, and ten and one-eighth for strict middling; that they were ready and willing to per-

form, and demanded performance of him, which he failed and refused to do, to their damage, $500.00.

Defendant answered, and afterwards served notice of a demurrer to the complaint for insufficiency, because it is not alleged that plaintiffs tendered defendant the money for the cotton. On plaintiffs' motion, the Court ordered defendant to elect whether he would stand on his answer or demurrer. He chose the demurrer, which was overruled, and plaintiffs had judgment on the pleadings.

The Court erred in requiring defendant to elect. At common law, it was not allowable to plead and demur to the same matter at the same time. Nor does the Code of Procedure contemplate the filing of both an answer and a demurrer to the same matter at the same time, except as to two of the grounds of demurrer specified therein,—to wit, that the pleading fails to state facts sufficient to constitute a cause of action or defense, and that the Court is without jurisdiction. Section 164 says that the only pleading on the part of the defendant is *either* a demurrer *or* an answer, which clearly indicates that *both* were not intended to be allowed for the same matter at the same time. It then proceeds to specify the grounds for which a demurrer will lie, and provides, in section 168, that, if the matters enumerated as grounds of demurrer do not appear upon the face of the complaint, the objection may be taken by answer. But section 169 provides that all of the objections specified as grounds of demurrer shall be deemed waived, if not taken either by demurrer or answer, "excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficent to constitute a cause of action." There are sound reasons why a party should not be allowed to demur and answer at the same time. The office of a demurrer is to test the sufficiency of a pleading, and, until the pleadings are in proper form, the case is not ready for trial on the merits. To allow a party to answer and demur at the same

time tends to confusion and unnecessary expense in the administration of the law; for neither party can tell whether the case will be disposed of on the issue of law, raised by the demurrer, or on the issues of fact raised by the answer. Therefore they are compelled to come to trial prepared to meet both issues; and they may be put to the unnecessary trouble and expense of having their witnesses at the trial when the case will be disposed of on the issue of law raised by the demurrer. It is therefore the better practice, and the intention of the legislature, as indicated in the section of the Code above referred to, that the issues of law should be disposed of before the case is set down for trial on the merits. Therefore, when a demurrer is interposed on any of the grounds specified in the Code, other than the two above mentioned, and an answer to the merits is also put in at the same time, the Court may, in its discretion, require the party to elect upon which he will stand,—especially if it appears that such action will promote the orderly disposition of the cause. *Stahn* v. *Catawba Mills,* 53 S. C. 519, 31 S. E. 498. Nevertheless, the spirit of the reformed procedure requires that causes be decided on their merits rather than on the technicalities of pleading. Therefore, when a demurrer is interposed on any ground in good faith, and it is overruled, the party should ordinarily be allowed to answer. Of course, there may be circumstances which would justify the Court in refusing to exercise its discretion to allow an answer to be put in after overruling a demurrer, but none such appear in this case.

However, where the statute, expressly or by necessary implication, allows a demurrer and an answer to the same matter at the same time, the Court is bound to administer the law as it is written, and it cannot order a party to elect upon which he will stand, and, upon his electing one, strike out the other. There can be no doubt that section 169 of the Code contemplates and authorizes the filing of both a demurrer for an insufficient statement of facts and an

answer to the merits at the same time. Prior to the amendment of that section (24 Stat. 130), which requires five days' notice of the grounds of such a demurrer, the practice prevailed of entertaining such a demurrer, when made orally at the trial. *Hull* v. *Young,* 29 S. C. 64, 6 S. E. 938; *Harvey* v. *Hackney,* 35 S. C. 361, 14 S. E. 822. And it was afterwards regulated by rule 18 of the Circuit Court, requiring the grounds to be reduced to writing, or taken down by the stenographer, under the direction of the Court. In *Latimer* v. *Sullivan,* 30 S. C. 111, 8 S. E. 642, it was held that a plaintiff could, at the same time, reply and demur to a counterclaim set up in the answer on the ground of insufficiency. It necessarily follows that a defendant can, at the same time, answer a complaint and demur to it for insufficiency, or for want of jurisdiction of the Court. The latter ground may be taken at any time,—even on the argument of an appeal in this Court. *Ware* v. *Henderson,* 25 S. C. 385.

The demurrer was properly overruled. The allegation that plaintiffs were ready and willing to perform was sufficient, without an allegation that the price of the cotton was tendered. By the terms of the contract, defendant had the right to deliver different grades of cotton at different prices, and the bales might vary in weight from 475 to 525 pounds. It was, therefore, impossible for plaintiffs to determine, before the cotton was delivered, weighed and graded, what amount to tender. The law does not require impossible things. Appellant relies, upon this point, on the case of *Pickett* v. *Cloud,* 1 Bail. 362, where the Court used some language which seems to support his contention that a tender of the price of the cotton was necessary. In that case, however, the contract was to deliver 30 bales of cotton at defendant's gin house, on a day certain, for which plaintiff was to pay 12½ cents a pound for 29 bales and 8 cents a pound for one bale. It does not appear in the report of the case whether the cotton had been

weighed, so that the plaintiff could tell the amount to tender, but it is probable, and it may be inferred that it had been. It had been graded, as evidenced by the fact that the price for 29 bales was fixed at 12½ cents and the price for one at 8 cents a pound, and it is not suggested that plaintiff would have had any difficulty in ascertaining the amount to tender, which it would have been impossible for him to do, if the cotton had not been weighed. In that case, the contract stipulated that plaintiff should be at the place on the day specified to receive the cotton and pay for it. Defendant was there and ready to deliver the cotton, but plaintiff did not appear. Twenty days afterwards, and after the price of cotton had gone up, he demanded the delivery of the cotton at a place some miles distant from that specified in the contract. Defendant then refused to deliver at all. It was held that plaintiff could not recover, because he had himself broken the contract by failing to appear at the time and place specified to receive and pay for the cotton, as he had agreed to do. In concluding the opinion, the Court said: "The plaintiff having failed to tender the money, and make demand of the cotton at the time and place stipulated in the agreement, the defendant had the right to elect either to enforce the contract against him, or to consider it at an end, and dispose of it on his own account." If the cotton had been weighed and the weights were known to plaintiff, as above suggested, there would have been no difficulty in making the tender; but if it had not, then it is probable that the Court used the words "tender the money" not in the restricted sense of tendering the exact amount, but in the broader sense of a tender of performance by appearing at the time and place specified and offering to receive the cotton and pay for it, according to the contract. At any rate, where a tender of the exact amount is impossible, because the party whose duty it is to make the tender does not know and has no means of ascertaining the amount, the law will not require such a tender. In such cases, a general offer

to perform and the allegation of readiness and willingness to perform is sufficient.

But, aside from this, it is alleged that defendant refused, after demand, to perform. This was a wavier of his right to insist upon a tender by plaintiffs. *Pickett* v. *Cloud, supra;* 28 A. & E. Enc. L. 4 *et seq.;* 9 Cyc. 723 *et seq.;* 35 Cyc. 167.

The order requiring defendant to elect is reversed and the order overruling the demurrer is affirmed.