## 9532

### KICKBUSCH *ET AL.* v. RUGGLES.

### (90 S. E. 163.)

1. PLEADING—MISJOINDER OF CAUSES—DEMURRER—WAIVER.—A demurrer for misjoinder of causes of action not interposed within the time allowed is waived.

2. ACTION — JOINDER — COPLAINTIFFS — SEPARATE CAUSES.—A complaint *held* to set forth wrongs, some of which did not affect all the plaintiffs and none of which affected any joint right of all the plaintiffs, and hence failed to state any cause of action at law for damages in favor of all the plaintiffs.

3. ACTION—PLEADING—FORM—RIGHT TO RELIEF.—A complaint, though in the form of an action at law for specific damages for tort, if stating facts sufficient to constitute any cause of action, legal or equitable, in favor of the plaintiffs against the defendant, was not demurrable for insufficiency, as the form of the action and relief was inconsequential, and as under the reformed procedure where facts are stated sufficient to constitute any cause of action, legal or equitable, it is the duty of the Court to try the cause of action stated in the mode prescribed by law and award the relief to which the party may be entitled.

4. PARTIES—NONJOINDER OF PARTIES—DEMURRER—WAIVER.—The failure to join the corporation, a necessary party defendant, was waived by failure to interpose a demurrer on that ground within the time allowed.

5. PARTIES — NONJOINDER — NECESSARY PARTY — PROCEDURE.—The nonjoinder of the corporation, a necessary party defendant, might be cured by order of the Court under Code Civ. Proc. 1912, sec. 171, providing that where a complete determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in.

6. CORPORATIONS—STOCKHOLDERS—RIGHT OF ACTION—EQUITY—SUFFICIENCY OF COMPLAINT.—A complaint by stockholders, though not alleging any effort to have plaintiffs' grievances redressed within the corporation, or that any effort would have been useless, but alleging that defendant owned a majority of the stock and by reason thereof controlled the corporation, its operations, books, and papers, and shut down the plant when it could have been successfully operated, and sold its property to himself in the consummation of a scheme to defraud plaintiffs of their rights, and appropriated all the property of such corporation to his own use and benefit, admitted by the demurrer, sufficiently showed that such an effort would have been useless, and entitled the plaintiffs to maintain an action in equity as stockholders for injuries alleged to have been done to the corporation.

7. CORPORATIONS—STOCKHOLDERS—RIGHT OF ACTION.—Stockholders cannot maintain an action as such for an injury alleged to have been done to the corporation; but, as an exception to such rule, stockholders making it appear that their rights and interests are jeopardized or are being injured or have been injured by the unlawful acts of the corporation or its governing body, and that they have endeavored in good faith and without effect to have their grievances redressed within the corporation by proper appeals to such governing body, or a majority of the stockholders, or showing facts inducing the conclusion that such appeals would have been useless, may maintain an action in equity in their own names for their own benefit and for the benefit of all other stockholders in the same situation who may come into the action and contribute to the expenses thereof.

Before PRINCE, J., Marion, Spring term, 1915. Modified.

Action by Robert Kickbusch and others against Charles F. Ruggles. From an order requiring the complaint to be made more definite and certain, and for a bill of particulars, and from the sustaining of a demurrer to the complaint, plaintiffs appeal.

*Messrs. Willcox & Willcox, Henry Buck* and *Henry E. Davis,* for appellants, cites: *As modification of order by succeeding Circuit Judge:* 97 S. C. 457. *As to motion to strike out:* 48 S. C. 227. *Renewal of:* 51 S. C. 33; 58 S. C. 152; 73 S. C. 9. *Remedy by motion to make more definite:* 82 S. C. 170; 63 S. C. 525; 66 S. C. 588; 74 S. C. 473. *Waiver:* 53 S. C. 580. *Bill of particulars only in actions upon accounts:* Code Civ. Proc. 208. *Preliminary affidavit:* 2 A. & E. Enc. of L. (1st ed.) 248; 3 Enc. P. & P. 521; 31 Cyc. 585. *Not required in cases for fraud:* 75 S. C. 338; 100 N. Y. S. 192; 114 App. Div. 791. *Application for redress within corporation should not be required:* 10 Cyc.

FOOTNOTE.—As to actions by stockholders to sue on behalf of themselves and other stockholders injured by unlawful acts of the corporation or its governing body, see notes 51 L. R. A. (N. S.) 99 to 123.

993; 23 Am. St. Rep. 411; 24 *Id.* 625. *Damages recoverable:* 70 S. C. 108; 94 S. C. 312. *Waiver of objection to misjoinder:* 89 S. C. 426.

*Messrs. Stevenson & Prince, L. D. Lide* and *John H. S. Lee,* for respondent, cites: *As to bill of particulars in actions for tort:* Code Civ. Proc., sec. 208; N. Y. Code 158; Circuit Rules of Court 4; Miller's Compilation 34-38; 68 S. C. 326; 2 Waite's Practice 348; 6 Boswell 681; 5 Wait's Pr. 21; 6 L. R. A. 851; 56 L. R. A. 810. *As to demurrer:* 24 S. C. 40. *Action by stockholders:* 44 S. C. 46; 113 U. S. 302; 48 S. C. 82; 39 S. C. 44; 60 S. C. 199; Taylor Private Corporations, secs. 690, 696, 697; and submit: *It is a well settled principle that the wrongs if committed by a director or directors who occupy the fiduciary position of trustees, are wrongs to the corporation as distinguished from wrongs to an individual stockholder of the corporation:* Pomeroy's Equitable Jurisprudence, 3d edition, par. 1088, 1094; 95 N. E. 929; 149 U. S. 815; 68 N. E. 142; 81 Fed. 10; 166 Fed. 822; 196 Fed. 544; 102 N. E. 318. (b) *In such event, an action at law can not be maintained by a stockholder of a corporation for injury done to his stock and capital by the negligence or misfeasance of directors, nor because of a conspiracy on the part of directors to wrong and injure the corporation, even although such action thereby indirectly injures the plaintiff's share and interest in the corporation:* 46 Am. Dec. 693; 10 Cyc. of Law & Practice 964, note 76; 70 N. E., 444; 12 N. E. 58; cited with approval in 44 S. C. 46; 53 Tex. 56; 26 Conn. 456; 44 N. J. Law Rep. 462; 102 N. E. 318; 88 Mass. 55, 56; 149 U. S. 178; 97 Ill. App. 503; 59 Fed. 992; 63 Am. Dec. 67. (c) *If the corporation or its directors refuse to institute suit for the recovery of such injuries, the right may accrue to a stockholder to sue, but it is important to observe that such right exists in the stockholder only on behalf of all the stockholders and creditors of the corporation by bill in equity for damages for a*

*breach of trust, and the amount recovered constitutes a sum for distribution among all of the stockholders as their interests may appear:* 104 U. S. 427; Machen on Corporations, par. 1172; Cook on Corporations, par. 734; page 2427, also page 2431; Pomeroy's Eq. Jurisprudence, ·par. 1094, page 2121, par. 1095; 181 N. Y. 121 (73 N. E. 562); 96 U. S. 655; 53 Tex. 56 and 88; 6 Allen 53; 63 Am. Dec. 674; 41 Am. Dec. 368; Angell & Ames on Corporations, section 312. (d) *Of course, a director may become liable to a stockholder individually, as, for instance, by the conversion or tortious taking of his certificate of stock, trespass on the case for refusing to make a transfer of stock on a proper occasion, assumpsit for a dividend declared or false representation made by a director to a stockholder, whereby the director has been able to purchase the stock at less than its value from the stockholder:* 46 Am. Dec. 673; 77 S. E. 1024 (S. C.). (e) *It is important to observe that every suit instituted in South Carolina, in which the plaintiffs have sought to hold a director for mismanagement or of fraud, such as is presented in plaintiff's petition, have been suits in equity and not at law:* 17 S. E. 258; 26 S. E. 1; 31 S. E. 498; 69 S. E. 604; 64 S. E. 398. IV. (a) *Inasmuch as a shareholder's bill is filed in the right of the corporation and on behalf of all stockholders, the cases hold that a shareholder can not join in such suit an individual claim against the company, or an individual claim against the director charged with the fraud:* Machen on Corporations, sec. 1182; Cook on Corporations, par. 734; note 3, page 2431; note 2, page 2432; 94 N. Y. App. Div. 383; 78 Fed. 526; 91 N. Y. Supp. 477; 108 Fed. 909; 101 N. Y. Supp. 199; 55 N. H. 218. (b) *Nor is such action authorized by the jumbling statute under the laws of South Carolina, because section 194, chapter II, vol. II of the Code of South Carolina, 1912, provides that the defendant may demur to the complaint when:* (5) *Several causes of action have been improperly united; or,* (6) *That the complaint does not state facts suf-*

*ficient to constitute a cause of action. And section 218 provides, that while the plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated. legal or equitable, or both, where they all arise out of: (2) Contract, express or implied; or, (4) Injuries to character; or, (7) Claims against a trustee, by virtue of a contract, or operation of law. The statute further provides that such causes of action, so united, must all belong to one of these classes, and must affect. all the parties to the action, and not require different places of trial, and must be separately stated. Cite: As to effect of the judgment in action between stockholders and corporation:* 26 Conn. 456; 12 Metc. 371; 102 N. E. 318; 53 Tex. 56; 81 Fed. 10; 185 Mass. 422; 44 N. J. L. 462; 68 N. E. 143; 63 Am. Dec. 672; 40 Me. 415; 149 U. S. 178; 70 N. E. 444; 46 Am. Dec. 693; 88 Mass. 55, 56; 97 Ill. App. 503; 59 Fed. 992; 45 Fed. 668; Cook Corporations, par. 734, p. 2427; Machen Corporations, par. 1172; 166 Fed. 820; 49 N. J. L. 462; 68 N. E. 143. *Remedy in equity:* 17 S. E. 258; 26 S. E. 1; 31 S. E. 498; 104 U. S. 829; 69 S. E. 604; 64 S. C. 398; 77 S. E. 1023. *Joinder of causes of action:* 24 S. C. 39; 68 S. C. 257; 82 S. C. 562; 43 S. C. 221; Machen Corporations, par. 1182; 78 Fed. 526, 529; 91 N. Y. Supp. 477; 99 N. Y. Supp. 692; 101 N. Y. Supp. 199, 202; 108 Fed. 909. *As to res adjudicata:* 1 Rich. Eq. 361; 23 Cyc. 1232, note 69.

October 6, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiffs allege that, in 1907, they, with R. C. Libbey, purchased certain tracts of timber in Marion county to be manufactured into lumber, and paid $25,000 on the purchase price thereof, and, being unable to pay the balance, $375,000, they applied to Ruggles, who agreed conditionally to advance

that sum, and also $150,000, as working capital for the business, and that a corporation should be organized to take over the property and carry on the business in which they should have $25,000 worth of stock for the money they had paid; that, after examination of the property, he agreed to advance the amounts stated, and that if Wunderlich, Gill, Leib and Libbey would give the sellers of the timber their notes for $25,000, he would assume and pay the same; that, in contemplation of the conduct of the business by them as stockholders and managers of the Wisconsin-Carolina Lumber Company, a corporation which they had already organized, Gill had expended $3,782.61 of his own funds for materials to erect a plant, and Ruggles agreed that he should be reimbursed therefor by the new corporation, but refused afterwards to allow this to be done; that, after examination of the property, Ruggles refused to reimburse plaintiffs and their associates the $25,000, which they had paid on the purchase price of the timber, and they agreed to release him from his promise to do so, provided he would complete the transaction; that, thereupon, Gill, Leib and Ruggles made an agreement in writing, dated December 23, 1908, whereby the right to purchase the timber was transferred to Ruggles, and he agreed to pay $375,000 therefor and advance $150,000 for the building of a plant and operating capital, and a new corporation was to be organized with preferred stock, bearing 6 per cent. cumulative dividends to cover the cash invested by Ruggles, and common stock, to represent the net profits of the enterprise, of which Ruggles and his nominees were to have 60 per cent. and Gill and Leib and their nominees 40 per cent., and Ruggles was to convey the property to the corporation, and the parties were to accept the stock thereof in the proportions stated. Libbey and Wunderlich were to be engaged in the operation of the plant, until their respective services were terminated by the new corporation, and Gill and Leib agreed to be so engaged; but none of the parties were to receive any salary or money for living or per-

sonal expenses, other than those incurred in the conduct of
the business, and money advanced to any of them for living
expenses were to be charged to them on the books of the
corporation with interest at 6 per cent., and all the parties
were to receive such benefits and profits as they might derive
from the common stock of the new corporation in full satis-
faction of their interests in the Wisconsin-Carolina Lumber
Company, and in full compensation for their services to the
new corporation, for the good of which and their mutual
good all agreed to co-operate; that the new corporation,
Southern Carolina Lumber Company, was organized, and
the stock thereof was issued, according to the agreement,
$525,000 of preferred stock to Ruggles, and $525,000 of
common stock, 60 per cent. ($315,000) to Ruggles and his
nominees, and 40 per cent. ($210.000) to the other parties
in interest, in various amounts, according to their respective
interests; that Gill performed the service required of him
by the contract, and, as president of the corporation, assisted
Wunderlich and Libbey in constructing the plant and mak-
ing arrangements for operating; that Ruggles advanced the
money as agreed, and by the early part of 1910, they were
ready for operation, with a first-class plant and sufficient
operating capital, and fair prospects for the success of the
enterprise; that, in February, 1910, shortly after comple-
tion of the plant, Ruggles called a meeting of the directors,
and, owning a majority of the stock, he took the manage-
ment of the corporation out of Gill's hands and made him
(Gill) sales agent, with his residence in New York; that, at
the annual meeting, in April, 1910, Ruggles caused himself
to be elected president of the corporation in place of Gill,
and caused his confidential associate, Rademaker, to be
elected treasurer thereof, and thereby obtained control of
the operation and books of the company; that for the pur-
pose of embarrassing Wunderlich, Gill, Leib and Libbey,
Ruggles refused to pay the notes given by them to the timber
companies, as he had agreed to do, that he gave orders that

no sum exceeding $100, should be spent in the business without his authority, and, by refusing to authorize expenditures, prevented repairs to the plant, the employment of labor, and the manufacturing and marketing of lumber, and the successful operation of the plant, upon which the value of plaintiffs' stock depended.    The last three paragraphs of the complaint contain a summary of the wrongs complained of, and the purpose and effect thereof, as follows:

"21. That in the furtherance of a design to defraud these plaintiffs of all their interest in said Southern Carolina Lumber Company, the value of their time and labor and the profits to be derived from the common stock owned by them therein, and to injure and destroy their business reputation, standing and credit, the defendant herein, the said Charles F. Ruggles, wilfully, wantonly, maliciously, fraudulently, and for the purpose of gratifying his personal animosity against these plaintiffs, did fail and refuse to pay the notes given at his instance and request to said timber companies as set out in paragraph 7 hereof; did refuse to allow the plaintiff, Charles E. Gill, to be reimbursed for the money expended by him, as set out in paragraph 8 hereof; did depose the plaintiff, the said Charles E. Gill, as president of said corporation, and did take over its management and control unto himself and his hirelings, and thus gain control and possession of the books and timber estimates, which said timber estimates he has since refused to permit the plaintiffs to inspect; and did through his hirelings and confidential subordinates create dissension, strife and ill feeling among these plaintiffs; and did by his management and control of the said business attempt to wreck same.

"22. That during the last year of its operation, the said Southern Carolina Lumber Company earned approximately $50,000; and these plaintiffs are informed and believe that if said Southern Carolina Lumber Company had been properly managed for the past year, with the present prices of lumber, would have earned $150,000 or more; but the

defendant, Charles F. Ruggles, perceiving and well knowing this, in the furtherance of his said design to defraud these plaintiffs of their holdings in said company, and in his greed and avariciousness to obtain for himself the entire holdings of said Southern Carolina Lumber Company and the profits to be derived therefrom, did wilfully, wantonly, maliciously and fraudulently, on or about the first of the year 1911, shut down the manufacturing plant of said corporation and suspend all operations; and did, over the protest of these plaintiffs, advertise and sell the plant and timber holdings of said corporation, and as plaintiffs are informed and believe, did through one Alexander McPherson purchase said plant and timber holdings, taking a conveyance therefor to said Alexander McPherson, dated January 22, 1912, he, the said Alexander McPherson, being, as these plaintiffs are informed and believe, the mere representative and agent of the said defendant, and he, the said defendant, being now the true owner of said plant and timber holdings.

"23. That by reason of the aforesaid fraudulent designs and schemes of the said defendant, Charles F. Ruggles, as hereinbefore set forth, these plaintiffs have been stripped and defrauded of all their holdings in the said Southern Carolina Lumber Company, their time and labor and the profits they would have received, and have been injured in their reputation and credit, to their damage $250,000."

Defendant moved to strike from the complaint certain allegations thereof as irrelevant and redundant, but the motion was refused. Defendant then answered, and, thereafter, moved before Judge DeVore for an order requiring plaintiffs to make their complaint more definite and certain by stating whether they are suing on one or more causes of action; and, if on more than one, by stating them separately, so as to show in whose favor each exists, with an itemized statement of the damages claimed for the plaintiff or plaintiffs in each cause of action, and for a bill of particulars of

the $250,000 damages claimed. The order was granted, and plaintiffs served notice of appeal therefrom.

Defendant then demurred to the complaint for insufficiency on two grounds, to wit:

"First. That in so far as the alleged attempt to state a cause of action in their favor as stockholders of the Southern Carolina Lumber Company, that it does not state a cause of action, in that they have no cause of action to sue alone, but must sue in equity, if at all, on behalf of themselves and all the other stockholders, and they must make allegations showing that they have attempted to obtain redress in the corporation, or showing why such attempt would be unnecessary; and they cannot sue individually for damage to themselves as stockholders; and

"Second. That they have attempted to state several and separate causes of action in which there is no joint right of theirs and no liability of the defendant to them jointly, if there is any liability at all, to wit, causes of action for injury to the credit and character of several people, and causes of action for injury to loss of stock of several plaintiffs, and causes of action on certain accounts on the books against Chas. E. Gill alone, all of which causes of action are several and distinct and there is no joint right alleged."

The demurrer was sustained by Judge Prince, and from his order plaintiffs appealed.

We consider first the exceptions to the order sustaining the demurrer, as the conclusion which we have reached upon that phase of the case makes it unnecessary to consider the appeal from Judge DeVore's order.

The complaint sets forth a number of wrongs alleged to have been done by defendant, some of which do not affect all the plaintiffs; and none of them affect any joint right of all the plaintiffs. For instance, the refusal of Ruggles 1, 2 to allow the corporation to reimburse Gill the sum of $2,782.61, paid out by him for material used in the plant, affects Gill only. The refusal of Ruggles to pay the

notes given by Gill, Wunderlich, Leib and Libbey to the timber companies for $25,000 affects only three of the plaintiffs, Gill, Wunderlich and Leib, as Libbey is not a party; and, even as to them, the injury alleged to have been done to their business reputation, standing, and credit is not joint, but several. The alleged deprivation of some of the plaintiffs of the value of their time and labor affects only the individual or individuals so deprived, and the wrong done to each is several, and no joint right, obligation or injury to all the plaintiffs with respect to that matter is alleged.

Appellants contend, however, that this defect in the complaint made is demurrable for misjoinder of causes of action; and, as no demurrer was interposed on that ground within the time allowed, it was waived. That would be so if the defect amounted only to a misjoinder of causes of action. *Sprunt* v. *Gordon,* 89 S. C. 426, 71 S. E. 1033. But it is more than a mere misjoinder of causes of action. For, in an action at law for damages for tort, where there is more than one plaintiff, the right invaded must be joint, and allegation of injuries to several rights of plaintiffs states no cause of action in favor of plaintiffs; that is, in favor of all the plaintiffs. The case of *Hellams* v. *Switzer,* 24 S. C. 39, is directly in point. It was there held, quoting from the syllabus:

"Where several plaintiffs, severally owning adjacent tracts of land, join in one action for injuries to their land caused by a dam of the defendant, and claiming damages in *solido,* the cause of action is single, and a demurrer upon the ground of misjoinder of causes of action will not lie. But the injuries being separate and distinct, the plaintiffs could not jointly sue to recover damages therefor; and a demurrer, interposed orally at the hearing, that the complaint did not state facts sufficient to constitute a cause of action, was properly sustained."

It follows that the complaint fails to state any cause of action at law for damages in favor of all the plaintiffs; and,

therefore, it states no cause of action which may be maintained by them unless it be a cause of action in equity for breach of trust in the management of the corporation resulting in injury to the plaintiffs.

If the complaint states facts sufficient to constitute any cause of action, legal or equitable, in favor of the plaintiffs against the defendant, it is not demurrable for insufficiency. True the form of the complaint is that of an action at law for damages for tort, and the relief prayed for is the recovering of a judgment for a specific sum of money to be paid in bulk to plaintiffs. But neither of these features of the complaint is of any consequence, as they relate only to the mode of trial and the relief prayed for. Under the reformed procedure, if facts are stated sufficient to constitute any cause of action, whether legal or equitable (it makes no difference that the pleader may regard it as one or the other, or that he may err in the relief demanded), it is the duty of the Court to try the cause of action stated in the mode prescribed by law, and award the relief to which the party may be entitled under the law.

Nor does it make any difference that there is a defect of parties, the corporation being a necessary part to such an action, since that defect has been waived (*Sprunt* v. *Gordon, supra*); but it may be cured by order of the Court, under the provisions of section 171 of the Code of Procedure, which says:

"When a complete determination of the controversy can not be had without the presence of other parties, the Court must cause them to be brought in."·

We must, therefore, consider whether the facts stated are sufficient to entitle plaintiffs to maintain the action in equity as stockholders for the injury alleged to have been done to the corporation. The general rule is that one or more stockholders cannot maintain such an action, as the right is in the corporation. But the Courts have recognized exceptions to the rule. One is that when

one or more stockholders make it appear that their rights
and interests are jeopardized or are being injured, or have
been injured by the unlawful acts of the corporation, or its
governing body, and that they have endeavored, in good
faith and without effect to have their just grievances
redressed within the corporation, by proper appeals to the
governing body or the majority of the stockholders; or,
when they allege facts and circumstances which induce the
conclusion that such appeals would have been useless, they
may maintain such action in equity in their own names for
their own benefit and for the benefit of all other stockholders
in like plight who may come into the action and contribute
to the expenses thereof: *Latimer* v. *Railroad Co.,* 39 S. C.
44, 17 S. E. 258; *Wenzel* v. *Brewing Co.,* 48 S. C. 80, 26 S.
E. 1; *Stahn* v. *Catawba Mills,* 53 S. C. 519, 31 S. E. 498.

The question, then, is narrowed to this: Have the plain-
tiffs alleged facts and circumstances which bring their case
within the exception? While there is no allegation of an
effort to have their grievances redressed within the corpora-
tion and no direct allegation that such effort would have
been useless, it is alleged that Ruggles owns a majority of
the stock, and that, by reason thereof, he had control of the
corporation and of its operation and its books and papers,
and ousted Gill from the presidency and elected himself
president; that he shut down the plant and discontinued
operations, when it could have been successfully operated;
that he sold the property of the corporation and had it
bought in for himself, and is now the real owner of it; that
all this was done by him in the consummation of a fraudu-
lent scheme to deprive plaintiffs of their just rights and
interests in the enterprise and appropriate all the property
of the corporation to his own use and benefit. In the face
of these allegations, which are admitted by the demurrer to
be true, how in reason can it be contended that it would have
done any good for plaintiffs to appeal to the governing body
(Ruggles) or to the majority stockholders (Ruggles) to

redress the very wrongs which he was (admittedly by the demurrer) attempting to accomplish in fraud of their rights? There is enough alleged and reasonably inferable from what is alleged to make it appear that such an appeal would have been useless. The case is analogous to that of *Stahn* v. *Catawba Mills, supra.*

It follows that the first ground of demurrer should have been overruled, and the judgment below is modified accordingly, and the case remanded to the Circuit Court for such further proceedings as may be necessary, not inconsistent with the views herein announced, and with leave to plaintiffs, if so advised, to apply to the Circuit Court for leave to amend their complaint by making the corporation a party defendant and otherwise to conform to the views herein announced.

Modified.