12537

GARY *ET AL.* v. MATTHEWS *ET AL.*

(145 S. E., 702)

*Messrs. Nelson & Mullins, Herbert & Dial, Weston & Aycock, Claud N. Sapp, Joseph L. Nettles, John J. Earle, Monteith & Monteith, Thomas H. Moffatt, Steve C. Griffith, Dial & Todd, Butler & Hall, Lide & McCandlish,* and *Wyatt Aiken,* for appellants,

*Messrs. R. T. Jaynes, L. D. Jennings,* and *S. B. Craig,* for respondents,

December 4, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal from an order of his Honor, Judge Townsend, overruling certain demurrers of the defendants to the complaint.

The action is in the nature of a creditors' bill, brought by the plaintiffs as stockholders of the defunct American Bank & Trust Company, on behalf of themselves and all such other stockholders of the bank as may come in and contribute to the expenses of the action.

The complaint states two separate and distinct causes of action:

1. An action against the directors of the bank for damages on account of loss and damage suffered by the plaintiffs as stockholders, by reason of the alleged mismanagement and negligence of the defendant directors, which they seek to recover, not in the right and on behalf of the corporation or its representative, the receiver, for the benefit of general creditors, depositors, and stockholders, but solely for the benefit of themselves as stockholders.

2. An action against certain managing officers, also directors, of the bank for damages on account of loss and damage suffered by the plaintiffs, as stockholders, by reason of the willful appropriation by said officers of certain assets of the bank, and against the American Surety Company, indemnitors of the bank against loss from the dishonest acts of its employes, which damages also they seek to recover, not in the right and on behalf of the corporation or its representative, the receiver, for the benefit of general creditors, depositors, and stockholders, but, as in the other cause of action, solely for the benefit of themselves as stockholders.

The complaint alleges that on June 25, 1926, the bank was taken over by the State Bank Examiner, as being insolvent, and that on July 19, 1926, James E. Peurifoy was appointed and duly qualified as receiver of the bank. It is also alleged that by reason of the charges against the directors it would have been useless to apply to them for redress,

and that an application to the receiver to institute an action against them had been refused.

The complaint states, therefore, sufficient grounds to sustain an action by the stockholders, in the right of the corporation, or its representative, the receiver, to redress the wrongs alleged to have been done to the corporation.

The concrete question at issue is: Can several stockholders in a corporation which is in the hands of a receiver maintain an action in the nature of a creditors' bill to recover assets belonging to the corporation, where recovery is sought solely for the benefit of the stockholders instead of for the benefit of all persons entitled to share in the distribution of the assets of the corporation?

The defendants interposed demurrers to the complaint raising this question. The defendant American Surety Company interposed a separate demurrer raising this question and also the question of misjoinder of causes of action. In the view which the Court takes of the matter, it is necessary to consider only the question above indicated.

The demurrers were overruled in an order by his Honor, Judge Townsend, dated October 14, 1927, as follows:

"On considering demurrers to the amended complaint in the above entitled action, I am of the opinion that the complaint states facts sufficient to constitute a cause of action against the defendants, directors of the American Bank & Trust Company of Columbia, and also against the American Surety Company of New York, primarily in favor of said American Bank & Trust Company, *Adams v. Haselden,* 112 S. C., 32, 99 S. E., 762; Fletcher, Cyc. Corporations, § 4051, p. 6852. It also alleges that the American Bank & Trust Company is insolvent and has been placed by this Court in the hands of a receiver, who is administering its affairs, and that the plaintiffs have applied to the receiver to bring an action against the defendants on account of the alleged wrongs done by defendants to the corporation and that he has refused to bring such action. His refusal is in

good faith, because of his discretion in determining what actions should be prosecuted on behalf of the corporation. The receiver having refused to prosecute the action, the plaintiffs have a right to prosecute it on behalf of the stockholders as a class, under the principle announced in *Kickbusch v. Ruggles,* 105 S. C., 525, 90 S. E., 163; *Craig v. James,* 71 App. Div. 242, 75 N. Y. S., 813; Fletcher, Cyc. Corporations, § 4056, p. 6884; Section 4080, p. 6973; Section 4092, 6. 7021.

"It is therefore ordered, adjudged and decreed, that the demurrers interposed to the complaint in the above entitled action, and the motion to require the receiver of the American Bank & Trust Company to be made a party to the action, be and the same is hereby overruled and refused, with leave to the defendants to answer to said complaint within twenty days after written notice of the filing of his order."

From this order the defendants have appealed.

The basis of the demurrers is that the losses alleged to have been sustained by the mismanagement and negligence of the defendant directors, and by the willful appropriation of assets of the bank by certain officers, constitute assets which belong to the corporation, or to its representative, the receiver, for the benefit of general creditors, depositors, and stockholders, and that damages on account thereof cannot be recovered in an action by the stockholders solely for their benefit.

The law is thoroughly settled that such damages, if recoverable, constitute assets which belong to the corporation, or to its representative, the receiver, and that any action therefor must be brought in the right of the corporation, for the benefit of all persons entitled to participate in the distribution of its assets. *Charleston, etc., Co. v. Sebring,* 5 Rich. Eq., 342; *Browne v. Hammett,* 133 S. C., 446, 131 S. E., 612; *Hernlen v. Vandiver,* 145 S. C., 412, 143 S. E., 222; *Niles v. N. Y. Central & H. R. R. Co.,* 176 N. Y., 119, 68 N. E., 142; *Flynn v. Brooklyn City Ry.*

*Co.*, 158 N. Y., 493, 53 N. E., 520; *McMullen v. Ritchie* (C. C.), 64 F., 253; *Ames v. Am. T. & T. Co.* (C. C.), 166 F., 820; *Lawrence v. So. Pac. Ry.* (C. C.), 180 F., 822; *Morse on Banks & Banking* (5th Ed.), Vol. 1, § 129; 7 Corpus Juris, 747. See, also, 6 Fletcher, Corp., §§ 4051, 4064; Thomp. Corp. (3rd Ed.), § 4560; *Kickbusch v. Ruggles,* 105 S. C., 525, 90 S. E., 163.

In *Browne v. Hammett, supra,* the Court said:

"The right of action against the officers and directors of a corporation, for their negligent and wrongful acts causing loss to the corporation, is one which is vested in the corporation, and can only be enforced by the corporation, or in its right, for the benefit, as an asset, of those lawfully entitled to an interest in the assets of the corporation."

In *Du Pont v. Standard Co.,* 9 Del. Ch., 324, 82 A., 692, it was held:

"The right to sue its officers for mismanagement of its affairs is a right of the corporation; if money be recovered it belongs to the corporation."

In *McMullen v. Ritchie, supra,* Mr. Justice Lurton said:

"The injury done by the defendants, if any, was done to the corporation * * * the wrong, if actionable, was one to be remedied by an action by the corporation, or by a shareholder for the benefit of the corporation, upon the refusal of the corporation to sue. A stockholder cannot maintain a suit for the indirect injury done him as an indirect result of an injury to the corporation. This is too obvious to need elaboration."

In 7 C. J., 747, it is said:

"The assets of an insolvent bank including rights of action against its officers and stockholders for misconduct, constitute a trust fund for creditors and are distributed in the same order as the assets of other insolvent assets, except such preferences as may be prescribed."

It is true that if the corporation, or its Receiver, refuses to bring the action, one or more of the stockholders, depositors, or other creditors may then bring

the action, but it must be brought in the right of the corporation, and for the benefit of all those entitled to participate in the distribution of the assets. It cannot be maintained by one class of creditors solely for their benefit.

In *Browne v. Hammett, supra,* it was further said:

"The plain interpretation of the complaint is that the mismanagement and negligence of the directors, in the various particulars mentioned, have entailed losses, of many thousand dollars to the bank, and that a recovery of the damages so inflicted upon the bank will inure to the benefit of the stockholders, depositors, and general creditors who will be entitled to participate in them. In other words, it is sought to realize, to the corporation, assets for distribution among the depositors and general creditors first, and to the stockholders, should a balance remain."

It is quite evident that the right of the plaintiffs to maintain the action was sustained for the reason that the suit was brought in the right and on behalf of the corporation, for the benefit of all stockholders, depositors, and creditors of the bank.

In construing the complaint in *Hernlen v. Vandiver, supra,* the Court said:

"We find in the complaint but a single cause of action, with specifications: An effort to bring into the treasury of the corporation, for the benefit of its depositors and other creditors, and ultimately its stockholders, funds of the bank which, it is alleged, have been dissipated by the wrongful conduct of the directors."

An entirely different cause of action from the one at bar, where the stockholders are seeking to recover assets belonging to the corporation solely for their own benefit.

There is no question of the right of a depositor to bring an action in his own right against the stockholders to enforce their statutory liability. *Johnson v. Adams,* 138 S. C., 409, 136 S. E., 885; *Ford v. Sauls,* 138 S. C., 426, 136 S. E.,

888; *Bradley v. Aimar,* 140 S. C., 14, 138 S. E., 401. Why such an action need not be brought in the right of the corporation is thus explained in *Ford v. Sauls, supra:*

"The right of action upon the statutory liability of a stockholder has been invariably held by this Court to be a personal right of the depositors, enforceable by them in an action in the nature of a creditor's bill. It can, therefore, be no part of the assets of an insolvent bank, with which the liquidating trustees or the Receiver, as the case may be, are charged with the duty of assembling and distributing."

His Honor, the Circuit Judge, in his order overruling the demurrer, cites the case of *Kickbusch v. Ruggles,* 105 S. C., 525, 90 S. E., 163, as sustaining the right of the plaintiffs to maintain this action. The situation in that case is entirely different from the case here. In *Kickbusch v. Ruggles* the principal question considered and discussed in the opinion is whether the stockholders could maintain their action without first seeking redress within the corporation, and the basis of the decision is that under the facts alleged in the complaint it would have been useless to seek such redress, and hence the same was unnecessary under the authority of *Wenzel v. Brewing Co.,* 48 S. C., 80, 26 S. E., 1, and *Stahn v. Catawba Mills,* 53 S. C., 519, 31 S. E., 498.

The principle established by these cases that it is the right of an individual stockholder to maintain an action upon the ground that application to the corporation or to its managers or directors would be a vain and useless ceremony is not questioned and is not involved here. In all of these cases it is recognized that the action must be brought in the right of the corporation.

The objection to maintaining such an action as the plaintiffs have brought, for the benefit solely of the stockholders, is that recovery permitted in such a case will necessarily be distributed among the stockholders, in derogation of the rights of general creditors and depositors, who, not being parties to the suit, may still bring an action against the de-

faulters upon the same cause of action, requiring the defaulters to respond twice for the same wrong.

The judgment of this Court is that the order of his Honor, Judge Townsend, overruling the demurrers to the complaint, be reversed, and that the complaint be dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE BLEASE disqualified.